UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID W. GIBSON                          CIVIL ACTION

VERSUS                                   NO. 06-10897

ROBERT TANNER, ET AL                     SECTION "K"(5)

REPORT AND RECOMMENDATION

In his civil rights complaint, plaintiff, David Gibson, presently incarcerated in the Rayburn Correctional Center ("Rayburn"), complains that "the Westlaw program" at Rayburn was not operational from approximately July 2, 2006 to July 18, 2006, and, as a result, he was unconstitutionally denied access to this court. Named as defendants are Rayburn Correctional Center, along with two Rayburn officials, Deputy Warden Robert Tanner and Major Larry Grow. This matter is before the court pursuant to a "Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted" (rec. doc. #15) filed on behalf of defendants Tanner and Grow.

In Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977), the Supreme Court recognized that inmates are guaranteed under the Constitution a right of access to courts. The Bounds

court required that prison officials provide inmates with "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id., 430 U.S. at 825, 97 S. Ct. at 1496.  However, the Court "did not create an abstract, free-standing right to a law library or legal assistance" in the prison.  See Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996).  In order for an inmate to establish that his access to the courts has been impeded by inadequacies in a prison's law library or legal assistance program, the inmate must establish an actual injury or prejudice to his efforts to pursue a specific legal claim.  See Id.

In an effort to meet the above-described burden of showing that he has suffered an actual injury or prejudice as a result of his lack of access to Rayburn's "Westlaw program" during the period from July 2, 2006 to July 18, 2006, plaintiff points to the dismissal of an earlier civil action, Gibson v. Louisiana State, et al, Civil Action No. 03-3600 "B"(4).  Plaintiff asserts:

> During the latter part of [June] 2006, Plaintiff received from this Court an Order to show cause no later than July 10, 2006 why this case entitled David W. Gibson v. Louisiana, et al, E.D. La. No. 03-3600 should not be dismissed.
> On July 02, 2006, Plaintiff went to the Rain Unit Legal Aid Office to begin researching and writing his response to the above Order. The Inmate Counsel Substitute, Lawyer Winfield, informed the Plaintiff that the Westlaw program was no longer in operation.  Because the Westlaw program did not resume operation until after

the July 10, 2006 deadline (it resumed operation on or about July 18, 2006) and this institution does not have an up-to-date backup legal research system or materials, Plaintiff was unable to research the law and write his response to the above-mentioned Order.  As a result, an Order and Judgment was signed by U.S. District Judge Ivan L.R. Lemelle on July 14, 2006 dismissing the case for "Plaintiff's Failure to Prosecute."[1]

A review of the record in Civil Action 03-3600 "B"(4)[2] reflects that plaintiff, in December, 2003, submitted to this court for filing a "Complaint for Injunctive Relief and Declaratory Judgment Declaring Part of State Constitution and State Statute Unconstitutional" (rec. doc. #2).  Named as defendants in this complaint were the State of Louisiana, Governor Mike Foster, Senate President John Hainkel, Speaker of the House of Representatives Charlie Dewitt, and Attorney General Richard Ieyoub.  Plaintiff also submitted an application to proceed in forma pauperis.

On January 14, 2004, Magistrate Judge Karen Roby denied plaintiff's application to proceed in forma pauperis, finding that plaintiff had sufficient funds to pay the $150.00 filing fee (rec. doc. #1).  In August, 2004, plaintiff paid his $150.00 filing fee and filed an amended complaint (rec. doc. #4) substituting as

---

[1] See Federal rec. in Civil Action No. 06-10897 "K"(5), doc. #1, plaintiff's "Memorandum in Support of Civil Rights Complaint" at p.1.

[2] See MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985) ("A court may take judicial notice of ... records in cases before the same court.").

defendants Governor-elect Kathleen Blanco for Mike Foster and Attorney General-elect Charles Foti for Richard Ieyoub.

After filing his amended complaint, plaintiff filed motions (rec. docs. #5 and #6) seeking to have the court order the United States Marshal "to effect service of the summons and complaint upon the defendants herein without prepayment of service fees by [plaintiff]." On September 29, 2004, District Judge Lemelle denied plaintiff's first motion, informing that in light of the fact that plaintiff's pauper application was denied, he "must tender payment of service fees".[3] On November 16, 2004, Magistrate Judge Roby denied plaintiff's second motion, stating: "[Plaintiff] has been denied pauper status by an earlier finding of the Court. Therefore, the **'Motion to Order Service by United States Marshall** [sic]' **(Rec. Doc. #6) is DENIED**. [Emphasis original.]".[4]

By virtue of Judge Lemelle's September 29, 2004 order and Magistrate Judge Roby's November 16, 2004 order, plaintiff was clearly placed on notice that he was responsible for effecting service on defendants. Nevertheless, approximately a year and a half later, plaintiff had failed to effect service on a single defendant. It was at this point that Judge Lemelle issued his

---

[3] <u>See</u> Federal rec. in Civil Action No. 03-3600 "B"(4), doc. #5.

[4] <u>See</u> Federal rec. in Civil Action No. 03-3600 "B"(4), doc. #7.

order directing plaintiff to show cause why his action should not be dismissed due to his failure to serve defendants (rec. doc. #8). It is this order that plaintiff complains he was unable to respond to because Rayburn's "Westlaw program" was inoperable during the period from July 2, 2006 to July 18, 2006.

As the above-referenced procedural history of Civil Action 03-3600 "B"(4) reflects, plaintiff knew as early as September 29, 2004, that he was responsible for serving defendants, yet failed to effect the required service for a period of almost two years, resulting in his action finally being dismissed without prejudice in July, 2006 (rec. doc. #9).  Clearly, it was not the absence of the prison's "Westlaw program" for approximately two weeks that resulted in plaintiff's lawsuit being dismissed without prejudice, but rather, plaintiff's lack of diligence in taking the steps necessary to effect service on defendants even though he had been specifically directed to do so by two separate judges and had been provided with ample time to do so.  Accordingly, plaintiff has not suffered the actual injury or prejudice required under Casey, supra.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed on behalf of defendants Tanner and Grow be **GRANTED**.

A party's failure to file written objections to the proposed

findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __13th__ day of ____June____, 2007.


ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

6