UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**DAVID W. GIBSON**                                       **CIVIL ACTION**

**VERSUS**                                                **NO. 06-10897**

**ROBERT TANNER, ET AL**                                  **SECTION "K"(5)**

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, David Gibson, a state prisoner presently incarcerated in the Rayburn Correctional Center. Plaintiff complains that "the Westlaw program" at Rayburn Correctional Center was not operational from approximately July 2, 2006 to July 18, 2006, and, as a result, he was unconstitutionally denied access to this court. The sole remaining defendant is the Rayburn Correctional Center.[1]

A proceeding brought in forma pauperis may be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law and fact, Booker v. Koonce, 2

---

[1] This court earlier recommended that a motion to dismiss the instant action against the two other named defendants, Deputy Warden Robert Tanner and Major Larry Grow, be granted.

F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  Giving the instant complaint a liberal reading, it is recommended that it be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claims against the Rayburn Correctional Center are subject to dismissal as the Rayburn Correctional Center is not a legal entity capable of standing in judgment pursuant to either 42 U.S.C. §1983 or Fed.R.Civ.P. 17.  Rollins v. Bickham, 2006 WL 4029580, *3 (E.D. La. 2006); see also Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976) (citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970).  Rayburn Correctional Center is neither a person nor a legal entity against whom judgment can be rendered.  Nor has Rayburn Correctional Center been served with process. (Rec. doc. 6).

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that plaintiff's Section 1983 claims against defendant the Rayburn Correctional Center be **DISMISSED WITH**

**PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __13th__ day of ____June____, 2007.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE