UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID W. GIBSON | CIVIL ACTION |
| VERSUS | NO: 06-10897 |
| ROBERT TANNER, ET AL | SECTION: "K"(5) |

REPORT AND RECOMMENDATION

In his civil rights complaint, plaintiff, David Gibson, presently incarcerated in the Rayburn Correctional Center ("Rayburn"), complains that "the Westlaw program" at Rayburn was not operational from approximately July 2, 2006 to July 18, 2006. Plaintiff attributes his failure to meet a court-imposed deadline, resulting in the dismissal of his lawsuit for failure to prosecute, to the fact that he was denied access to "the Westlaw program" during this period of time.

This matter is before the court pursuant to a motion for summary judgment filed on behalf of defendants Deputy Warden Robert Tanner and Major Larry Grow. The basis of defendants' motion for summary judgment is their contention that plaintiff has

failed to exhaust his administrative remedies, as required under 42 U.S.C. §1997e(a), due to his failure to specifically name them in his administrative remedy grievance. Defendants argue: "In order to exhaust administrative remedies under §1997e(a), a prisoner must file a grievance against the person he ultimately seeks to sue in order to alert prison officials to possible problems with that person."[1] As shown below, this argument was recently rejected by the United States Supreme Court.

In Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), the Supreme Court specifically addressed the issue of what is and is not required in order to satisfy the exhaustion requirement of 42 U.S.C. §1997e(a). Chief Justice Roberts, writing for a unanimous Court, first acknowledged the purpose of the legislation, stating:

> In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended, 42 U.S.C. §1997e et seq. Among other reforms, the PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. 28 U.S.C. §1915A; 42 U.S.C. §1997e(a).

---

[1] See Federal rec., doc. #16, "Memorandum in Support of Motion for Summary Judgment for Failure to Exhaust Administrative Remedies" at p.5. In support of the above argument, defendants cite Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001), and Gibbs v. Bolden, 151 F.Supp.2d 854, 856-57 (E.D. Mich. 2001).

<u>Jones</u>, 127 S.Ct. at 914.  Chief Justice Roberts then observed that some courts, in particular, the Sixth Circuit, has "adopted several procedural rules designed to implement [§1997e(a)'s] exhaustion requirement and facilitate early judicial screening."  <u>Id</u>.  These procedural rules, the Court explained, place several obstacles before an inmate seeking to file a 42 U.S.C. §1983 action in federal court, including the obstacle of preventing him from filing a civil rights lawsuit against a defendant who was not specifically named in his prison grievance procedure.  The Court concluded that such obstacles were "not required by the PLRA, and that crafting and imposing them exceeds the proper limits on the judicial role."[2]  The Court reasoned:

> In <u>Woodford</u> [v. Ngo, ___ U.S. ___, 126 S.Ct. 2378, 2384, 165 L.Ed.2d 368 (2006)], we held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules," ... rules that are defined not by the PLRA, but by the prison grievance process itself.  Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust."  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.  As the MDOC's

---

[2] Two other obstacles which are not mandated under the PLRA are the requirement that a prisoner "allege and demonstrate exhaustion in his [civil rights] complaint", and the requirement that the "entire action" be dismissed if a prisoner "fails to satisfy the exhaustion requirement as to any single claim in his complaint." <u>Jones</u>, 127 S.Ct. at 914.

> [Michigan Department of Corrections'] procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted.

Jones, 127 S.Ct. at 922-923.

As with the Michigan Department of Corrections' administrative procedures, the Louisiana Department of Corrections' ("LDOC's") administrative procedures "make no mention of naming particular officials". Specifically, the LDOC's "Administrative Remedy Procedure" provides, in pertinent part:

> The method by which this process is initiated is by a letter from the inmate to the Warden. For purposes of this process, a letter is:
>
> 1. Any form of written communication which contains this phrase: "This is a request for administrative remedy;" or
>
> 2. Form ARP-1 at those institutions that wish to furnish forms for commencement of this process.
>
> No request for administrative remedy shall be denied acceptance into the Administrative Remedy Procedure because it is or is not on a form; however, no letter as set forth above shall be accepted into the process unless it contains the phrase, "**This is a request for administrative remedy**." [Emphasis original.][3]

In the instant matter, plaintiff, in accordance with the above provision, wrote a letter, dated July 25, 2006, to the warden which

---

[3] A copy of LDOC's "Administrative Remedy Procedure" is attached hereto with the above quoted portion, labeled "Initiation of the Process", highlighted.

4

contained the phrase, "Request for Administrative Remedy".  In this letter, plaintiff set forth, almost verbatim, the same claim set forth in the instant §1983 complaint, namely, that "the Westlaw program" at Rayburn was not operational during the period from July 2, 2006 to July 18, 2006 and, as a result, he missed a court-imposed deadline which ultimately led to the dismissal of his lawsuit.[4]

In response to plaintiff's July 25, 2006 request for an administrative remedy, a "First Step Response Form" was issued on August 23, 2006, denying plaintiff relief.  Immediately thereafter, plaintiff, in accordance with LDOC's "Administrative Remedy Procedure", informed that he was not satisfied with the first step response, thereby initiating "Step Two" of LDOC's administrative remedy procedure.  On October 11, 2006, a "Second Step Response Form" was issued informing that plaintiff's "request for Administrative Remedy is denied."  At that point, in accordance with LDOC's "Administrative Remedy Procedure", plaintiff was free to "file suit in District Court."[5]

---

[4] A copy of plaintiff's July 25, 2006 letter is attached to defendants' memorandum in support of their motion for summary judgment (rec. doc. #16).

[5] A copy of the LDOC's "Administrative Remedy Procedure" is attached hereto with the above referenced portion, labeled "Process", highlighted.

Based upon the above, the undersigned magistrate judge finds that contrary to defendants' contention, plaintiff has exhausted his administrative remedies.  Accordingly;

RECOMMENDATION

It is hereby RECOMMENDED that defendants' motion for summary judgment be **DENIED**.

Any party's failure to file written objections to the proposed findings, conclusions, and recommendation in the magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this __13th__ day of ___June___, 2007.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE